UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEYLANI BAKARI                                                          PLAINTIFF

v.                                         CIVIL ACTION NO. 3:20-CV-P632-CRS

DEWAYNE CLARK *et al*.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C.

§ 1983.  The Court has granted Plaintiff Jeylani Bakari leave to proceed *in forma pauperis*.  This

matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth

below, the Court will dismiss Plaintiff's claims but allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC).  He

brings suit against LMDC Director Dewayne Clark and LMDC Deputy Director Martin Baker in

both their official and individual capacities.

Plaintiff makes the following allegations:

On the night of 5/31/2020 leading into 6/1/2020 my legal work/property, religious
materials and all my personal belongings was thrown away, also my property was
vandalized by several inmates with the permission of the staff at [LMDC].

On the night of 5/31/2020 there was excessive force used against me [] and other
inmates in [LMDC].  I [] was denied medical attention as well as other inmates.  No
pictures of my wounds, injuries, or scars.  Hand cuffs was placed on me severely
tight till the point I lost circulation in my hands and lower arms.  None of my
grievances has been taking seriously and been denied.  This is directly against
LMDC policy and my 1st Amendment to be able to redress all issues I have against
any agency of government entity.

The excessive force against me and the damaging looting and throwing away of my
property is a violation of my 8th amendment.

Since this terrible time in my life I've suffered mental anguish.  There have been several officers who have harass and intimidated me to not file lawsuits or grievances, I've becomes slightly paranoid. I suffer pain of my body nightly ever since 5/31/20.

As relief, Plaintiff seeks damages and that he be released from illegal detention.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

The Court first turns to Plaintiff's official-capacity claims against Defendants Clark and Baker. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against these Defendants are actually against the Louisville Metro Government ("Louisville Metro"). When a § 1983 claim is made against a municipality, such as Louisville Metro, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality

is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.  Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Louisville Metro.  Thus, his official-capacity claims against Defendants Clark and Baker fail to state a claim upon which relief may be granted.

### B.  Deprivation of Property

The Court next turns to Plaintiff's allegation that he lost personal property as the result of actions taken by LMDC officials.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).  To assert a constitutional claim for the deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *See Parratt v. Taylor*, 451 U.S. at 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Id*. at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt.  See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  Thus, Plaintiff's deprivation-of-property claims must also be dismissed for failure to state a claim upon which relief may be granted.

### C.  Denial of Grievances

Plaintiff also claims that his constitutional rights were violated by LMDC officials when they denied grievances he had filed.  However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure."  *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  Indeed, the Sixth Circuit has specifically held that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension."  *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."),

Thus, Plaintiff's claims based upon the denial of his grievances must be dismissed for failure to state a claim upon which relief may be granted.

### D.  Injunctive Relief

Plaintiff also seeks release from "illegal detention."  However, where a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1]  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, because the injunctive relief Plaintiff seeks cannot be granted in a § 1983 action, the Court must dismiss this claim as well.

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment.  *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").

### E.  Amended Complaint

Finally, the Court turns to Plaintiff's individual-capacity claims against Defendants Clark and Baker and his claims of excessive force and deliberate indifference to a serious medical need.  The Court finds that the complaint does not contain "sufficient factual matter" to allow these claims to proceed at this time.  However, before dismissing them, the Court will allow Plaintiff the opportunity to amend the complaint to set forth additional allegations in support of these claims.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that **Plaintiff's official-capacity claims against Defendants Clark and Baker, claims based upon the deprivation of property, claims based upon the denial of grievances, and claim for injunctive relief are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint in which he 1) describes any allegedly wrongful actions taken by Defendant Clark or Baker; 2) names as Defendants in their individual capacities any other persons who were personally involved in the alleged incidents of excessive force and/or deliberate indifference to his serious medical needs and describes**

their allegedly wrongful conduct; 3) describes the nature of his injuries; and 4) completes a summons form for any newly-named Defendant.[2]

      The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

      The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption.  The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date:   October 21, 2020

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.011

---

[2] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.